UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **TERI KEY SHIVELY, ET AL.** <br><br> VERSUS <br><br> **ETHICON INC., ET AL.** | **CASE NO. 3:17-cv-00716** <br><br> **JUDGE FOOTE** <br><br> **MAGISTRATE JUDGE HAYES** |
| **CHARLENE LOGAN TAYLOR.** <br><br> VERSUS <br><br> **ETHICON INC, ET AL** | **CASE NO. 5:17-cv-00721** <br><br> **JUDGE FOOTE** <br><br> **MAGISTRATE JUDGE HAYES** |
| **DINA BENNETT, ET AL.** <br><br> VERSUS <br><br> **ETHICON INC, ET AL** | **CASE NO. 3:17-cv-00723** <br><br> **JUDGE FOOTE** <br><br> **MAGISTRATE JUDGE HAYES** |

**PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**

Defendants Johnson & Johnson and Ethicon, Inc. ("Defendants"), through undersigned counsel, submit the following Proposed Discovery Plan and Scheduling Order.

**BACKGROUND**

Plaintiffs were included in a Master Settlement Agreement, but have rejected the allocations awarded to them by the Special Master. As such, these matters have not reached resolution and must proceed to trial.

The Parties have made efforts to come to a consensus regarding the proposed discovery plan and scheduling order, but have been unable to do so. Defendants suggest to the Court that the best approach for scheduling is to use a single scheduling order applicable to all three cases through the filing of dispositive and *Daubert* motions. Then, after motions have been filed, the

Court and the Parties can hold a status conference for the purpose of issuing case-specific scheduling orders taking each case through trial. Some discovery has been undertaken in the MDL. Defendants anticipate needing to complete the following tasks: (a) obtain updated records authorizations from Plaintiffs; (b) obtain updated records from Plaintiffs' health care providers; (c) take depositions of witnesses not deposed in the MDL; (d) conduct updated Independent Medical Examinations, to the extent that any recent surgeries warrant such; (e) exchange supplemental expert reports, if necessary; and (f) take update depositions of witnesses already deposed, if necessary.

Plaintiffs have suggested that there is some significance to the fact that these matters have been stricken from the Inactive Docket Order.  There is not.  These matters were remanded prior to entry of the relevant Inactive Docket Order. Once this fact came to the Clerk's attention, the cases were stricken from the list of inactive cases. Plaintiffs further suggest that discovery and motion practice are completely closed, and the cases are ready to be set for trial.  Defendants respectfully disagree, and aver that limited discovery and motion practice are required in order for the cases to be trial-ready.  Plaintiffs have suggested that Judge Goodwin's Pretrial Order #271 is determinative here, in that it rejected efforts by the parties to conduct discovery beyond the discovery deadline.  But PTO 271 was entered by Judge Goodwin after these matters were remanded; it does not have any operative effect on these cases. And PTO 271 specifically notes that certain depositions of Plaintiffs' friends and family are permitted beyond the close of discovery, so it cannot be disputed that some discovery is still left to be done in these cases.

Further, this Court is well within its rights to control its own docket and make its own determinations regarding scheduling deadlines and the trial-readiness of cases before it. Defendants contend that updated collection of medical records and updated depositions of key

witnesses are critical steps in order to prepare these matters for trial, and certain friends and family witnesses still need to be deposed for the first time. To the extent that Plaintiffs have had additional surgeries or procedures since their prior independent medical examinations, conducted in 2016, updated IMEs may also be necessary. The Parties may wish to exchange supplemental expert reports in light of any new medical developments. Finally, additional, limited motion practice is also necessary, as Judge Goodwin reserved a number of *Daubert* and motion *in limine* issues that this Court may wish to address in advance of trial.

## DISCOVERY

Defendants suggest that it is prudent to coordinate deposition scheduling, to the extent possible, in an effort to minimize travel.

Defendants propose that Plaintiffs provide supplemental expert reports, if necessary, by February 16, 2018 and that Defendants provide supplemental expert reports, if necessary, by March 16, 2018.

Defendants anticipate needing four months to complete remaining discovery in all three cases and propose that fact discovery be completed by April 18, 2018.

## MEDIATION

Given that the Plaintiffs have rejected the Special Master's allocation to them under the Master Settlement Agreement, Defendants do not feel that mediation would be productive.

## MOTIONS

Defendants propose the following schedule:

A.   Deadline for filing dispositive motions:  May 18, 2018.

B.   Deadline for filing *Daubert* motions:  June 18, 2018.

Defendants propose that the Parties be allowed to file reply briefs, if necessary, without first requesting leave of Court.

## **TRIALS**

Defendants propose that the Court schedule a status conference after June 18, 2018 for the purpose of coordinating issuance of case-specific scheduling orders that will apply to each case individually from that point forward through trial. The case-specific scheduling orders will include trial and pretrial conference dates as well as pretrial cutoffs including but not limited to deadlines for filing non-*Daubert* motions in limine, the exchange of and objections to witness and exhibit lists, deposition designations and objections, the meeting of all counsel to complete the pretrial order, etc.

Defendants expect the cases to be ready for trials after the Court rules on all dispositive and *Daubert* motions.

Defendants expect the trials to last approximately eight days each and request that the Court ensure that both sides have equal time to present their cases at trial.

Respectfully Submitted,

/s/ *Kelly Juneau Rookard*
KIM E. MOORE (LA #18653)
JOHN W. SINNOTT (LA #23943)
CAMALA E. CAPODICE (LA #29117)
KELLY JUNEAU ROOKARD (LA #30573)
EDIE M. CAGNOLATTI (LA #25603)
Irwin Fritchie Urquhart & Moore, LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
kmoore@irwinllc.com
jsinnott@irwinllc.com
ccapodice@irwinllc.com
kjuneau@irwinllc.com
ecagnolatti@irwinllc.com

                         COUNSEL FOR DEFENDANTS
                         ETHICON, INC. AND JOHNSON & JOHNSON

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 18th day of December, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

                                          /s/ *Kelly Juneau Rookard*